1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7 | UNITED STATES OF AMERICA, | 2:20-CR-231-APG-NJK

8 | Plaintiff, | **Preliminary Order of Forfeiture**

9 | v.

10 | BRANDON CASUTT,

11 | Defendant.

12        This Court finds Brandon Casutt pled guilty to Counts One and Six of an Eight-

13   Count Criminal Indictment charging him in Count One with wire fraud in violation of 18

14   U.S.C. § 1343 and in Count Six with concealment money laundering in violation of 18

15   U.S.C. § 1956(a)(1)(B)(i). Criminal Indictment, ECF No. 12; Change of Plea, ECF No.

16   151; Plea Agreement, ECF No. 154.

17        This Court finds Brandon Casutt agreed to the forfeiture of the property and the

18   imposition of the in personam criminal forfeiture money judgments set forth in the Plea

19   Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment,

20   ECF No. 12; Change of Plea, ECF No. 151; Plea Agreement, ECF No. 154.

21        This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United

22   States of America has shown the requisite nexus between property set forth in the Plea

23   Agreement and the Forfeiture Allegations of the Criminal Indictment and the offenses to

24   which Brandon Casutt pled guilty.

25        The following property and money judgments are (1) any property, real or personal,

26   which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, a

27   specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a

28   conspiracy to commit such offense, (2) any property, real or personal, involved in a

transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or any property traceable to such property, (3) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and (4) any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i), or any property traceable to such property, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1):

1. $8,076.60;

2. $10,794.58;

3. $59,965;

4. $11,600.43; and

5. 1924 Coralino Drive, Henderson, Nevada 89074, more particularly

described as:

PARCEL I:

LOT TWO (2) IN BLOCK TWO (2) OF SILVER MILL – PHASE 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 47 OF PLATS, PAGE 8, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, AND SUCH OTHER PURPOSES AS ARE REASONABLY NECESSARY FOR THE USE AND ENJOYMENT OF SAID LAND, AS THE SAME ARE SET FORTH IN THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED NOVEMBER 25, 1987 IN BOOK 871125 OF OFFICIAL RECORDS AS DOCUMENT NO. 00480 AND AS THE SAME ARE SUBSEQUENTLY AMENDED FROM TIME TO TIME, AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 178-17-514-002

(all of which constitutes property)

and in personam criminal forfeiture money judgments of $509,675 for wire fraud and $359,900 for concealment money laundering with the total collected money judgment amount not to exceed $509,675 under the forfeiture statutes, and the property will be applied toward the payment of the money judgments.

1    This Court finds that on the government's motion, the Court may at any time enter

2    an order of forfeiture or amend an existing order of forfeiture to include subsequently

3    located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and

4    32.2(b)(2)(C).

5    The in personam criminal forfeiture money judgments comply with *Honeycutt v.*

6    *United States*, 137 S. Ct. 1626 (2017) and *United States v. Thompson*, 990 F.3d 680 (9th Cir.

7    2021).

8    This Court finds the United States of America is now entitled to, and should, reduce

9    the aforementioned property to the possession of the United States of America.

10    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

11    DECREED that the United States of America should seize the aforementioned property.

12    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United

13    States of America recover from Brandon Casutt in personam criminal forfeiture money

14    judgments of $509,675 for wire fraud and $359,900 for concealment money laundering with

15    the total collected money judgment amount not to exceed $509,675 under the forfeiture

16    statutes.

17    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory

18    rights, ownership rights, and all rights, titles, and interests of Brandon Casutt in the

19    aforementioned property are forfeited and are vested in the United States of America and

20    shall be safely held by the United States of America until further order of the Court.

21    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States

22    of America shall publish for at least thirty (30) consecutive days on the official internet

23    government forfeiture website, www.forfeiture.gov, notice of this Order, which shall

24    describe the forfeited property, state the times under the applicable statute when a petition

25    contesting the forfeiture must be filed, and state the name and contact information for the

26    government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).

27    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual

28    or entity who claims an interest in the forfeited property must file a petition for a hearing to

1    adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. §

2    853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21

3    U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the

4    petitioner's right, title, or interest in the property, the time and circumstances of the

5    petitioner's acquisition of the right, title, or interest in the property, any additional facts

6    supporting the petitioner's claim, and the relief sought.

7         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,

8    must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,

9    Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

10   not sent, no later than sixty (60) days after the first day of the publication on the official

11   internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

12        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the

13   petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States

14   Attorney's Office at the following address at the time of filing:

15            Daniel D. Hollingsworth
             Assistant United States Attorney
16           Misty L. Dante
             Assistant United States Attorney
17           501 Las Vegas Boulevard South, Suite 1100
             Las Vegas, Nevada 89101.
18

19        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice

20   described herein need not be published in the event a Declaration of Forfeiture is issued by

21   the appropriate agency following publication of notice of seizure and intent to

22   administratively forfeit the above-described property.

23        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send

24   copies of this Order to all counsel of record and three certified copies to the United States

25   Attorney's Office, Attention Asset Forfeiture Unit.

26        DATED ____October 14___, 2022.

27                                          _____
                                            ANDREW P. GORDON
28                                          UNITED STATES DISTRICT JUDGE
                                            4