# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>BRANDON CASUTT,<br><br>  Defendant | Case No.: 2:20-cr-00231-APG-NJK<br><br>**Order Denying (1) Government's Motion to Accept Sale Price, (2) Government's Second Motion to Seal, and (3) Defendant's Motion to Stay**<br><br>[ECF Nos. 254, 259, 262] |

The United States moves for my approval to sell the house located at 1924 Coralino Drive, Henderson, NV. ECF No. 254.  In connection with that motion, the Government filed under seal exhibits that purportedly support the proposed sale price. ECF Nos. 255, 260.  I previously denied without prejudice the Government's motion to seal those exhibits and allowed the Government to file a new motion to seal with better support. ECF No. 258.  The Government has filed a renewed motion to seal those exhibits. ECF No. 259.  Brandon Casutt has filed a motion to stay the Government's proposed sale. ECF No. 262.  For the reasons set forth below, I deny all three motions.

**Motion to Seal (ECF No. 259)**

The Government's renewed motion still does not provide sufficient reasons why its exhibits should be sealed under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  The *Kamakana* court held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. *Id*. at 1178-79.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179 (citation omitted).  The party seeking to seal documents attached to a dispositive motion must

present articulable facts identifying the interests favoring secrecy and show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id*. at 1181.  The Government has not offered compelling reasons to seal the evidence that supports the proposed sale price.  I therefore deny the motion to seal.

Because I am denying the motion to seal, the Government requests that I allow it "to withdraw, to strike, and to literally remove" from the record the motion to sell, both motions to seal, and all supporting exhibits "so they cannot be available to the public." ECF No. 259 at 2.  In order to preserve the record for any appeal, I will not strike or allow removal of the filed documents.  However, out of an abundance of caution, I will allow the documents that are presently sealed to remain sealed.  And I will not consider those documents in deciding the Government's motion to approve the sale.

**Motion to Approve Sale (ECF No. 254)**

Because I am not considering the exhibits submitted in support of the motion to approve the sale, there is no factual basis for me to grant that motion.  I therefore deny the motion without prejudice to the Government's ability to file a new motion seeking approval of the sale.  However, the Government must present a sufficient factual basis to support its proposed sale price.

**Motion to Stay Sale (ECF No. 262)**

Because I am denying the Government's motion to sell the property, Casutt's motion to stay that sale is moot, so I deny it.  In addition, Casutt's present motion offers no reason to stay the sale other than he has a pending motion to vacate his conviction under 28 U.S.C. § 2255.  At this point, that is not a sufficient basis to stay the proposed sale.  If Casutt seeks to block a future

motion to sell, he should file a timely opposition and offer facts and legal principles to support his request.

I THEREFORE ORDER that the Government's renewed motion to seal exhibits **(ECF No. 259) is denied. However, I order that the documents currently filed under seal will remain sealed.**

I FURTHER ORDER that the Government's motion for approval of the sale **(ECF No. 254) is denied without prejudice.**

I FURTHER ORDER that Casutt's motion to stay the Government's proposed sale **(ECF No. 262) is denied as moot.**

Dated: December 6, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE